Taxes; income tax; investment tax credits; Merchant Marine Act of 1936; effect of qualified withdrawals on the amount of investment tax credit available on a qualified vessel; investment tax credit recapture. — On February 22, 1980 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
This is an action[1] for the recovery of an alleged overpayment by Kaare and Sigrunn Ness of federal income taxes in the amount of $16,416 for the year 1974 and $1,561 for the year 1971, plus assessed and statutory interest thereon.[2]
At the beginning of 1974, plaintiffs owned 600 shares of the common stock of Royal Viking, Inc. In December 1974, plaintiffs sold 42 of their shares.
In computing their federal tax liability for 1974, plaintiffs initially assumed that the stock sale resulted in $933 *666 of investment tax credit recapture under section 47 of the Internal Revenue Code of 1954[3] and that the placing in service of the Pacific Viking did not entitle them to an investment tax credit.[4] Plaintiffs then paid the resulting tax.
Plaintiffs subsequently decided there was no section 47 recapture and that they were entitled to a $17,044 investment tax credit in 1974. As in Gilman, in determining the credit available on the Pacific Viking, plaintiffs did not take the Merchant Marine Act of 1936, as amended in 1970, (MMA) section 607(g)(2) and (4), 46 U.S.C. §§ 1177(g)(2) and (4) (1976), basis reductions into account in determining the vessel’s tax basis. Plaintiffs then filed an amended return for 1974 in which they claimed there was no section 47 recapture. However, due to the section 46(a)(3) limitation on the per year use of the investment tax credit, only $15,483 of the credit was claimed in the amended 1974 return. The remaining $1,561 of credit was carried back and claimed as a credit in an amended return filed for 1971.
The alleged erroneous reporting of $933 of investment tax credit recapture, coupled with the $15,483 of credit claimed in the amended 1974 return, accounts for the alleged 1974 overpayment of $16,416. Having already paid all their 1971 taxes, claiming the $1,561 credit in that year accounts for the alleged 1971 overpayment of $1,561. Plaintiffs filed a claim for refund for 1971 and 1974. The claim was denied.
This case is before this court on the parties’ cross motions for summary judgment. These motions raise the very same issues present in Gilman. Plaintiffs argue that the stock sale did not result in section 47 recapture and that in determining the investment tax credit available on the Pacific Viking, the MMA section 607(g)(2) and (4) basis reductions are not to be taken into account in determining the vessel’s tax basis. Defendant makes the same concession with regard to the section 47 recapture issue, and again argues the MMA section 607(g)(2) and (4) basis reductions are to be taken into account in determining the amount of the investment tax credit.
*667 The only differences between this controversy and Gilman are the amount of the alleged erroneous section 47 recapture and investment tax credit and, because of the section 46(a)(3) limitation, the number of years over which the credit was taken. These, however, affect only the amount of plaintiffs’ potential recovery and the years in which the alleged overpayment occurred. The legal issues, and the underlying facts giving rise to those issues, are identical in both this case and Gilman. This being so, what we held there is equally applicable here. Relying on Gilman, we accordingly hold that plaintiffs’ stock sale did not result in section 47 recapture and that in determining the amount of investment tax credit available on the Pacific Viking, the MMA section 607(g)(2) and (4) reductions are not to be taken into account in determining the vessel’s tax basis.
it is therefore ordered that plaintiffs’ motion for summary judgment on both issues is granted and defendant’s motion for summary judgment is denied. The amount of recovery will be determined by subsequent proceedings pursuant to Rule 131(c).
On June 13, 1980 the court entered judgment for plaintiffs for taxable year 1971 for $781, and for taxable year 1974 for $16,416, plus statutory interest.

 This case was consolidated for purposes of argument, and the order issued concurrently, with Gilman v. United States, Ct. Cl. No. 234-78. In reaching our decision, we have considered the arguments presented by counsel in both cases.
In addition, the facts being similar in both cases, we set out the facts in this case only to the extent that they are different from those in Gilman.

 Kaare and Sigrunn Ness were husband and wife, and filed a joint federal income tax return, during all periods relevant to this proceeding. For the sake of convenience, Kaare and Sigrunn Ness will hereafter be collectively referred to as "plaintiffs.”

 Except as otherwise expressly indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.

 The investment tax credit is set out at sections 38 and 46-50.